**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest De Leon,<br><br>    Plaintiff,<br><br>vs.<br><br>Recontrust Company; et al.,<br><br>    Defendants. | No. CV 10-8132-PCT-JAT<br><br>**ORDER** |

    Pending before the Court is Plaintiff's "Motion for an Order to Cease and Desist Foreclosure Proceedings," which the Clerk of the Court has interpreted as a motion for temporary restraining order. Generally, a temporary restraining order cannot be granted without notice to the opposing parties. *See* Fed. R. Civ. Pro. 65. However, there are some exceptions, including if the movant would suffer irreparable harm before the opposing party can be heard, Fed. R. Civ. Pro. 65(b)(1)(A), or if the movant shows a reason why notice should not be given, Fed. R. Civ. Pro. 65(b)(1)(B).

    In this case, the Court cannot ascertain from the motion when Plaintiff will suffer his alleged harm. He claims he received notice of a Trustee sale on January 28, 2010.[1] Plaintiff

---

[1] Plaintiff begins his motion by stating, "Comes now, Nancy Sundell-Bahrd ..." who is not the Plaintiff in this case, but actually a Plaintiff in another case in this district. *See Sundell-Bahrd v. Tiffany & Bosco, P.A.*, 2010 WL 2595083, *2 (D. Ariz. 2010). It seems apparent that Plaintiff copied Ms. Sundell-Bahrd's filings. Thus, the Court does not know

then asks this Court to order Defendants to "cease and desist with all Foreclosure Proceedings immediately...." Doc. 5 at 1. However, Plaintiff never states the date on which the sale is scheduled to occur, nor whether Plaintiff has given notice of this request for temporary restraining order to Defendants.

Plaintiff has shown no reason why Defendants should not receive notice of this motion. Further, Plaintiff has not shown that there is insufficient time for Defendants to received notice before the alleged harm will occur. Moreover, according to Plaintiff's own filing, he has known about this Trustee sale since January 28, 2010, but waited almost six months before filing his motion for temporary restraining order. Plaintiff cannot circumvent the notice requirement by waiting so long to file a motion for temporary restraining order that he creates his own emergency. *See e.g. Comcast of Illinois X, LLC v. Till*, 293 F.Supp.2d 936, 938-39 (E.D. Wisc. 2003); *Best Deals on TV, Inc. v. Naveed*, 2007 WL 902564, *4 (N.D. Cal. 2007) (Plaintiff cannot show the need for a temporary restraining order without notice when Plaintiff waited months after learning of the situation to file the request).

Based on this record, the Court will not consider the merits of the motion for temporary restraining order until Plaintiff gives notice to all Defendants. The Court will leave the motion for temporary restraining order pending, and will consider the motion once Plaintiff files a certificate of service as to all Defendants. Thus,

**IT IS ORDERED** that the Court finds no basis for issuing a temporary restraining order (Doc. 5) without notice; accordingly the Court will take no action on the motion until Plaintiff provides notice to all Defendants as indicated above.

DATED this 27th day of July, 2010.

James A. Teilborg
United States District Judge

---

how much of Plaintiff filing is merely a recounting of Ms. Sundell-Bahrd's situation.

- 2 -