**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ernest De Leon, | ) | No. CV 10-8132-PCT-JAT |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Recontrust Company; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court is Plaintiff's "Motion for an Order to Cease and Desist Foreclosure Proceedings," which the Clerk of the Court has interpreted as a motion for temporary restraining order. This Court previously advised Plaintiff that it would not issue an injunction without notice to the Defendants in this case. Plaintiff has now submitted evidence that he has provided notice to some Defendants.[1]

Turning to the merits of Plaintiff's request, it appears from Plaintiff's filing of "Exhibit A" (Doc. 7) that Plaintiff's home has been sold via a Trustee sale and that the purchaser brought a forcible entry action against Plaintiff to gain possession of the home. It also appears that the State Court ruled against Plaintiff.

Plaintiff's complaint, generally, claims the following statutes were violated by some

---

[1] Plaintiff called each of these notices a "proof of service." While the Court will treat the mailings as "notice" for purposes of considering the injunction, the Court makes no ruling on whether these mails qualify as "service" under the Federal Rules of Civil Procedure.

combination of Defendants with respect to the loan on his property: 1) HOEPA, 2) RESPA; 3) TILA (count 12 repeats TILA and RESPA); 4) FCRA; 5) FDUTPA; he also alleges the following additional causes of action: 6) mortgage fraud; 7) fraudulent misrepresentation; 8) breach of fiduciary duty;[2] and 11) fraud. (Doc. 1.)

To be entitled to an injunction, Plaintiff must show:

[1] he is likely to succeed on the merits,

[2] he is likely to suffer irreparable harm in the absence of preliminary relief,

[3] the balance of equities tips in his favor, and

[4] an injunction is in the public interest.

*American Trucking Associations, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (citing *Winter v. Natural Resources Defense Council*, 129 S.Ct. 365, 374 (2008)). Alternatively, "'A preliminary injunction is appropriate when a plaintiff demonstrates ... that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor. (quoting *Lands Council*, 537 F.3d at 987). Of course, plaintiffs must also satisfy the other *Winter* factors, including likelihood of irreparable harm." *Alliance for Wild Rockies v. Cottrell*, Slip Op. at 10871 (9th Cir. July 28, 2010).

In this case, Plaintiff cannot show he is likely to succeed on the merits or even that there are serious questions going to the merits. Specifically, Arizona Revised Statute Section 33-811(c) provides that:

The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. Mountain standard time on the last business day before the scheduled date of the sale.

In this case, Plaintiff failed to obtain an injunction before the sale. Additionally, all of the claims Plaintiff now makes would fall within A.R.S. § 33-811(c) and are now waived.[3]

---

[2] The complaint skips counts 9 and 10.

[3] *But see, Martenson v. RG Financing*, 2010 WL 334648, *8 (D. Ariz. 2010) (finding that some notice and cure provisions of the statutes are not waived by the Plaintiff even after

- 2 -

Therefore, Plaintiff cannot show any likelihood of success on the merits.

Alternatively, Plaintiff cannot show he is likely to suffer irreparable harm. Following a forcible entry action, the defendant in the forcible entry action has the right to appeal under the Arizona rules. Arizona Rules of Procedure for Eviction Actions ("ARPEA") 17. Additionally, while the appeal is pending, the defendant may be permitted to pay rent to the clerk of the court and keep possession of the property. *Id.* Therefore, Plaintiff had (and perhaps still has) a remedy within the Arizona courts to cure any errors within the forcible entry action. As a result, Plaintiff cannot show he will be irreparably harmed if this Court does not enjoin Defendants from acting on the state court's decision.[4]

Accordingly,

IT IS ORDERED that Plaintiff's motion for an order to cease and desist (Doc. 5) is denied.

DATED this 3rd day of August, 2010.

*[signature]*
James A. Teilborg
United States District Judge

---

the Trustee sale). However, none of the notice requirements for the Trustee sale that were at issue in *Martenson* are at issue in this case. In fact, Plaintiff states in his motion that he received notice on January 28, 2010. (Doc. 5 at 1).

[4] Alternatively, the Court also finds the relief sought is precluded by the *Younger* Abstention Doctrine. *Gilbertson v. Albright*, 381 F.3d 965, 968-69 (9th Cir. 2004) (en banc) ("We conclude that *Younger* principles apply to actions at law as well as for injunctive or declaratory relief because a determination that the federal plaintiff's constitutional rights have been violated would have the same practical effect as a declaration or injunction on pending state proceedings."). Thus, for this additional reason, the Court will not enjoin the state court forcible entry action.