**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernest De Leon,<br><br>    Plaintiff,<br><br>vs.<br><br>Recontrust Company; et al.,<br><br>    Defendants. | No. CV 10-8132-PCT-JAT<br><br>**ORDER** |

Currently pending before the Court are Plaintiff Ernest De Leon's Motion to Stay and Motion for Summary Judgment (Docs. 19 & 20), a Motion to Dismiss by Defendants Jeremy T. Bergstrom and David Herbert (collectively, the "Individual Defendants")(Doc. 21), and a Motion to Dismiss by Defendants Bank of America, ReconTrust Company, BAC Home Loans Servicing, and PRLAP Inc. (collectively, the "Corporate Defendants")(Doc. 22). The Court now rules on the motions.

**I. BACKGROUND**

On or about April 8, 2008, Plaintiff borrowed $147,811.00 from Bank of America to finance the purchase of a home at 5062 North Desert Lane, Prescott Valley, Arizona 86314-4310 (the "Property"). This loan was evidenced by a Note (Doc. 22-1) and secured by a

Deed of Trust (22-2).[1]

Plaintiff failed to timely pay the loan. The Property was sold through a trustee's sale on May 7, 2010. (Doc. 21-1). The Yavapai County Superior Court entered a judgment on July 13, 2010 that required Plaintiff to vacate the Property. (Doc. 22-4.)[2] Plaintiff does not claim that he did not default on the loan or that the trustee's sale did not comply with Arizona statutory requirements.

Plaintiff filed this case on July 23, 2010. Plaintiff filed a Motion for an Order to Cease and Desist Foreclosure on July 27, 2010 (Doc. 6), which the Court interpreted as a motion for a temporary restraining order. After a hearing, the Court denied the Motion for Temporary Restraining Order. (Doc. 17.)

Within the time allowed by Federal Rule of Civil Procedure 15(a), as recently amended, Plaintiff filed an Amended Complaint. (Doc. 18.) Plaintiff also captioned his Amended Complaint as a Motion to Stay Order for Possession/Forcible Detainer and as a Motion for Summary Judgment, which the Clerk docketed as two additional entries. (Docs. 19 & 20).

The Individual Defendants filed their Motion to Dismiss on August 18, 2010. (Doc. 21.) The Corporate Defendants filed their Motion to Dismiss on September 8, 2010. (Doc.

---

[1]Plaintiff attached unsigned copies of the Note and the Deed of Trust to the original complaint. The Corporate Defendants have attached complete, signed copies of the Note and Deed of Trust to their Motion to Dismiss. The Court need not convert their Motion to Dismiss to a motion for summary judgment if it considers these documents. *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010)("On a motion to dismiss, [courts] may consider materials incorporated into the complaint or matters of public record. . . We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.")(internal citations omitted).

[2]The Court may consider public records on a 12(b)(6) motion to dismiss. *Coto Settlement*, 593 F.3d at 1031.

22.)  Plaintiff has not filed a response to either Motion to Dismiss.[3]

## II.  LEGAL STANDARD

The Court may dismiss a complaint for failure to state a claim under 12(b)(6) for two reasons: 1) lack of a cognizable legal theory and 2) insufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To survive a 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Federal Rule of Civil Procedure 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although a complaint attacked for failure to state a claim does not need detailed factual allegations, the pleader's obligation to provide the grounds for relief requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  The factual allegations of the complaint must be sufficient to raise a right to relief above a speculative level.  *Id*.  Rule 8(a)(2) "requires a 'showing,' rather than a blanket assertion, of entitlement to relief.  Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Id*. (citing 5 C. Wright & A. Miller, Federal Practice and Procedure §1202, pp. 94, 95(3d ed. 2004)).

Rule 8's pleading standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(citing *Twombly*, 550 U.S. at 555).  A complaint that offers nothing more than naked assertions will

---

[3] Pursuant to Local Rule of Civil Procedure 7.2(i), the Court can deem Plaintiff's lack of a response as consent to the granting of the Motions to Dismiss.

- 3 -

1 not suffice. To survive a motion to dismiss, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Iqbal*, 129 S.Ct. At 1949. Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id*. "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (citing *Twombly*, 550 U.S. at 557).

In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

### III. CORPORATE DEFENDANTS' MOTION TO DISMISS

The Corporate Defendants, in an attempt to give Plaintiff the benefit of the doubt, address their arguments to the original complaint. But Plaintiff had the right to amend his complaint once as a matter of course pursuant to Federal Rule of Civil Procedure 15(a) and availed himself of that right. The Court therefore will treat the Amended Complaint (Doc. 18) as the operative complaint. Nonetheless, most of the Corporate Defendants' arguments for dismissal apply equally to the Amended Complaint.[4]

---

[4] Two of the named Defendants, Pioneer Title Agency Incorporated and First American Title, have not moved to dismiss or otherwise appeared. (The record indicates that Plaintiff has never served the first and served defective process on the other, which probably explains their lack of appearance.) Nonetheless, because the title companies are in a similar position to the other Corporate Defendants, the Court can grant a motion to dismiss for the title companies even though they have not moved. *Abigninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 743 (9th Cir.2008) ("A [d]istrict [c]ourt may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants.").

1  First, Plaintiff's Amended Complaint does not even come close to satisfying the pleading requirements of Federal Rule of Civil Procedure 8(a). Plaintiff appears to have cut and pasted excerpts from web sites or pleadings from other cases or to have cobbled together different legal theories and arguments of his own. Plaintiff also has listed several stand-alone legal citations, without explaining how those citations pertain to his case.

Plaintiff does not separately list causes of action providing grounds for relief. Nor does Plaintiff include a prayer for relief. Plaintiff's main argument against the Corporate Defendants in the Amended Complaint seems to be based on the "vapor money" theory. Proponents of this theory argue that banks do not lend actual money, only credit, so no loan occurs. If no loan occurred and no consideration was given, then banks have no right to foreclose . . . or something along those lines.[5] Courts in this Circuit have rejected "show-me-the loan" and "vapor money" theories. *See, e.g.*, *Nichols v. Bosco*, No. CV 10-1872-PHX-FJM, 2010 WL 3909205 at * 3 (D. Ariz. Oct. 1, 2010) (citing *Kuder v. Wash. Mut. Bank*, No. CIV S-08-3087-LKK-DAD-PS, 2009 WL 2868730 at * 3 (E.D. Cal. Sept. 2, 2009)). Plaintiff's Amended Complaint therefore fails to state a claim.

If the only problems with Plaintiff's allegations against the Corporate Defendants were failure to comply with Rule 8(a) and failure to state a claim on what the Court construes as a vapor money theory, the Court *might* allow Plaintiff to again amend the Amended Complaint. But Plaintiff's claims against the Corporate Defendants suffer from an incurable deficiency because a trustee's sale of the Property already has occurred.

Section 33-811(C) of the Arizona Revised Statutes reads in pertinent part:

> The trustor . . . and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of sale.

---

[5]This is the undersigned's interpretation of the difficult-to-decipher Amended Complaint.

- 5 -

A.R.S. §33-811(C).

The record does not reflect that Plaintiff filed a Rule 65 motion in state court, and he undisputedly did not receive injunctive relief from a state court. A trustor who receives notice of a trustee sale pursuant to A.R.S. §33-809 waives all defenses and objections to the trustee sale not raised in an action resulting in injunctive relief awarded at least one business day before the trustee sale. Plaintiff does not dispute that he received notice of the trustee sale. In fact, Plaintiff attached notice of the trustee sale to the chambers copy of the original complaint.

Because Plaintiff did not receive an order enjoining the sale of the Property, he waived all claims that would have provided defenses or objections to the sale. *Coleman v. Am. Home Mortg. Servicing, Inc.*, No. CV09-2692, 2010 U.S. Dist. LEXIS 30922, at *9-11.[6] Accordingly, the Court must determine whether Plaintiff's claims are objections or defenses to the sale and therefore waived.

Plaintiff asserts only one overarching theory of relief in the Amended Complaint. He alleges that the Corporate Defendants did not have the right to foreclose on the Property because they did not lend him any actual consideration for his loan. Success, although not legally possible, on this theory would have provided a valid defense to the trustee sale of the Property. Plaintiff therefore waived his claims by not obtaining an injunction before the sale. Because Plaintiff waived all his claims against the Corporate Defendants,[7] the Court will grant their Motion to Dismiss.

**IV. INDIVIDUAL DEFENDANTS**

The Individual Defendants also directed their Motion to Dismiss to the original complaint, which is no longer the operative pleading. But, again, their arguments apply to

---

[6]The Court found two memorandum decisions of the Arizona Court of Appeals consistent with the *Coleman* case and the holding in this Order, but Arizona Rules do not allow for citation to memorandum decisions. The Court found no citeable Arizona cases interpreting the relatively new A.R.S. §33-811(C).

[7]Plaintiff also waived his claims against the similarly situated title companies.

- 6 -

1 the Amended Complaint as well.

2 The Individual Defendants are attorneys who represented Bank of America in its
3 forcible detainer action against Plaintiff in state court. The only portion of the Amended
4 Complaint dedicated to the Individual Defendants is entitled "Misconduct and Violation of
5 Laws by an Officer of the Court." (Doc. 18, line 940.) Plaintiff begins this section with the
6 following sentence, "It is my displeasure to inform this court that in a judicial (equity)
7 proceeding known as a "foreclosure action", there is an attorneys' at law, who in reality is
8 the debt collector, attempting to collect it's [sic] interest in a debt by litigation." (Id., lines
9 941-943.)

10 The Court initially notes that the Property was sold through a non-judicial trustee's
11 sale. Arizona law provides non-judicial procedures for foreclosures. The Individual
12 Defendants represented Bank of America in the forcible detainer action *after* the Property
13 had been foreclosed upon and sold at the trustee's sale.

14 Plaintiff's argument regarding the Individual Defendants is difficult to follow. He
15 seems to assert that the Individual Defendants were not actually representing anyone and that
16 they were in fact debt collectors on behalf of a "nonexistent third party." Plaintiff states that
17 the attorneys had no right to represent an unidentified third party.

18 Obviously, Plaintiff has not stated a cognizable claim against the Individual
19 Defendants. Further, the record does not reflect any impropriety or misconduct by the
20 Individual Defendants. The Court therefore will grant their Motion to Dismiss. Moreover,
21 the Court will not grant Plaintiff leave to amend because any amendment consistent with the
22 Amended Complaint would be futile. *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir.
23 1962)(stating that if a complaint is dismissed for failure to state a claim, leave to amend
24 should be granted "unless the court determine[s] that the allegation of other facts consistent
25 with the challenged pleading could not possibly cure the deficiency.").

26 Accordingly,

27 **IT IS ORDERED GRANTING** the Corporate Defendants' Motion to Dismiss (Doc.
28 22). The Court further grants dismissal to the non-moving title companies, Pioneer Title

1  Agency Incorporated and First American Title.
2  **IT IS FURTHER ORDERED GRANTING** the Individual Defendants' Motion to
3  Dismiss (Doc. 21). This case is dismissed in its entirety.
4  **IT IS FURTHER ORDERED DENYING** as moot Plaintiff's Motion to Stay and
5  Motion for Summary Judgment (Docs. 19 & 20).
6  DATED this 15th day of November, 2010.

*James A. Teilborg*
United States District Judge